We're going to call the next case on the morning bracket, which is People v. Trenton Jefferson, 517-0221. May it please the court, counsel, Chelsea Caston on behalf of the state. Your honors, this court is already familiar with this case. We're here today following the trial court's pre-trial motion order interpreting this court's previous Rule 23 order, where the trial court has now prevented the state from presenting a theory of the case. The defendant was principally liable for first-degree murder, which has the substantive effect of suppressing evidence, limiting the state's ability to present sufficient admissible evidence to show the defendant guilty beyond a reasonable doubt of murder. So I want to ask you, because you said it in your opening statement, do you think there's jurisdiction in this court? Yes, your honor. Why? Because this isn't an issue of law of the case. It doesn't apply here to bar or limit the witness's testimony, except to the extent that the state obviously cannot reintroduce evidence that this court has already ruled inadmissible. Specifically, that would be the testimony that this court ruled on Rochelle Davis from her testimony. Okay, but what I'm asking about is the rule. The rule says that the state only gets to appeal if we're suppressing evidence or quash and arrest, et cetera, that doesn't apply here. So the only portion of the rule that would allow an appeal is if somehow the effect of the court's order that you're complaining about is to suppress evidence, and you just said there's an alternate theory. So I'm wondering how those two jive. Your honor, it's suppressing one of the theories in which the state can prove its theory of the case. So the state can provide evidence on different theories of murder, be it principal or accountable theories of murder. It's completely precluding the state's ability to even introduce what could potentially be new witnesses or new evidence. Obviously, we don't know that. I didn't see that in the order that you're not allowed to produce new witnesses. You just can't talk about him having a gun. That is the substantive effect of the order, though, your honor. It said that they can't provide any evidence that he fired the gun, which means that they are completely prevented from presenting their theory of the case and that he did fire the gun. Okay. And it all comes from its interpretation of this court's prior ruling in its Rule 23 order, where at the trial level defense counsel combined the sentencing enhancement with an actual charge and arguing that the state should not be allowed to prevent evidence of principal liability. So the jury in this case got four verdict forms, right? Yes, your honor. Two not guilty, two guilty. But the one that we're concerned with here is really a sentencing enhancement form. Yes, your honor. So do you believe that the jury had to reach a finding of fact in order to get a not guilty on that sentencing enhancement, that he didn't have a gun or that he didn't use the gun? Your honor, I'm not entirely sure what happened behind closed doors. Unfortunately, we don't have the record to tell us. We want to get that. So the question is, what is the impact of that finding of not guilty? Your honor, the impact is that the state can't seek the sentencing enhancement. But before the state can even go there, they had to demonstrate the elements to the charge, which was first-degree murder. They're two completely separate things. So over here we've got murder. Once they get the guilty on that, then you jump over to the sentencing enhancement. They're two completely separate things, and the state has already conceded that it cannot and will not be seeking a sentencing enhancement in this case. That's my point. The fact that you've conceded that, does that also mean that you've conceded that there was a finding of fact with regard to the use of the weapon? No, your honor. Why not? Because the acquittal and the enhancement only triggers an idea of what theory the jury accepted. The sentencing enhancement is an appendi element, and we already know that those are not subject to the constitutional protections that elements of a charge are subject. So it's possible. What about the law of the case or collateral estoppel issues? Your honor. Appendi doesn't deal with that, does it? No, your honor. It's just demonstrative of why the sentencing enhancement and the charge and elements of the crime are two distinctly different things and why the state is not precluded from presenting evidence on retrial that the defendant is fired the gun, either they can present their theory of the case, either via principal or an accountable theory, and ultimately it's going to come up to the new jury to decide which theory of that case they're going to go with. But didn't you just tell me that the fact they found him not guilty on the sentencing enhancement, does it trigger as to what theory of the case they accepted on murder? I said the accountability? It's an idea of the theory, your honor, but again, it's two separate and distinct things. So it doesn't preclude the state from being able on retrial to present evidence. It's possible or feasible that the state following Ormand is going to discover something new, or at the very least that they should be able to present their witnesses and how they choose to question them, and how they want to present their case. The issue here is that they've completely precluded the state from being able to present its strong theory, in this case that he committed murder. You're not going to be prevented from reproving your accountability theory. Well, your honor, the issue here is that there's really only one offense of murder, and what the impact of this court opinion is that they essentially created it as two separate things. They're treating it as principal murder and accountability murder, but they're just theories that are used by the state in order to show the ultimate offense, which was murder. You can't... Explain to me how that's not double jeopardy. Your honor, this isn't a case of double jeopardy because he wasn't acquitted of murder. He was found guilty of murder. He was acquitted of not firing a gun. He was found not guilty for the sentencing enhancement, your honor, but they're two distinct things. The two don't mesh together because of the different elements that are required for the state to show in order to meet the two separate things. It's why the instructions are given as two different options because you have to be able to be found guilty of murder in order to even seek a sentencing enhancement. Double jeopardy only attaches upon an acquittal of an actual offense, so regardless of how the state presented its case or what theory of guilt it maintained in the argument, the jury only returns a general verdict. In this case, it found him guilty of first-degree murder. Double jeopardy can't bar theory. It's either going to attach to a charge or it's not. And so when the defense counsel at the trial level was presenting his arguments, he was joining the two separate issues together to create an issue where he claimed that double jeopardy did attach, and it did not, your honor. Where previously this court reviewed this case, it was just reviewing under the totality of circumstances the testimony of three witnesses to determine how closely balanced it was, but in addition to that, this court also found that there was sufficient evidence to be sent back down on retrial, and this court also held that double jeopardy did not preclude that retrial. Well, double jeopardy did not preclude a retrial, but that doesn't answer the issue as to what the retrial would allow. It would allow the presentation of the state's theories of the case, your honor. Obviously, the state is not going to seek the sentencing enhancement, but that sentencing enhancement, again, is a completely different animal than the state's theory of the case, as well as the state's presentment of evidence to demonstrate the charge of murder. This is a, this is, how is this different? You have a finding of not guilty, and now the defendant is saying, okay, you can't put this into evidence. How is this different from, say, a Montgomery objection where we have, we have something that clearly exists, and now it's not relevant. They're claiming it's not relevant. Here they're claiming, look, there's been a finding by a jury that he didn't use the gun, and all the court is saying is we're not going to let you put on evidence in this case from these three witnesses who testified before that they saw him use a gun. You can still use the same witnesses, theoretically, although two of them, that's all they've ever said, but what's her name? Rochelle. Rochelle Davis. Rochelle. Rochelle. Yeah. Ms. Davis. She can testify to a lot of stuff that would potentially convict him of accountability. I just don't understand how you're going to get around the collateral establishment issue when the jury has made a finding. Can you rephrase the question? So you have a finding. You have, it's kind of like a special interrogatory in a civil case. You know, you want to know what the damages are, but at the same time you want the answer to a specific question that you submit. And it seems like the sentencing enhancement issue is a specific question because the reason you're asking the question is you want to know, for sentencing purposes, did this gentleman who's accused use the gun or not use the gun? If he didn't use the gun, he's not going to get the sentencing enhancement. If he did, he's not going to get it. He's going to get that. See what I'm saying? Yes, ma'am. So the jury is being asked a specific question, and I don't see how you get around that from a collateral establishment point of view. Your Honor, I think Apprendi is what addresses that issue just in that because there are elements of the offense of first-degree murder, the state's still free to choose the theory of guilt. We're not talking about theories here. That's why I'm not sure that Apprendi applies. It does because it specifically addresses the constitutional protections that are given to or lack of constitutional protections that are given to sentencing enhancements because they are a different legal animal than, say, a charge in a specific case. But does Apprendi say that the findings associated with the sentencing enhancement are not the law of the case? I don't know the case law off the top of my head, Your Honor. I'm happy to cite. No, it's okay. I'm going to look at it again, but I appreciate your arguments. Thank you. Mr. Whitney. I haven't seen you in a while. And if you need an extra minute or two, because I took it. Oh, that's fine, Your Honor. Thank you. Usually you're first, not second. That's true. This is a little unusual position for me. Okay. Thank you, Your Honor. May it please the Court. Good afternoon, Your Honor's counsel. Richard Whitney representing the defendant, Trenton Jefferson. As some of the Court's questions alluded to, the State's entire argument here rests on a mistaken premise. It argues that the Court below misinterpreted or improperly expanded the scope of this Court's Rule 23 order in the prior appeal. But that is simply not what it did, and in the part of the trial court order about which the State complains, the first paragraph, it does not even reference this Court's order, but simply states that witnesses Howard and Famer are hereby limited and precluded from offering any testimony alleging their suggestion that the defendant in this case fired a gun causing the death of the alleged victim. That's what it says. And that's not because of anything this Court said in its Rule 23 order, but because that issue has already been litigated. A jury has entered a verdict on that issue. And because it has already been litigated once, actually twice, but once to a conclusion, that issue has been precluded from being re-litigated under the doctrine sometimes called issue preclusion or collateral estoppel. Now, defense counsel below used the term double jeopardy in its motion, and it would have been clearer if he had referred more specifically to director collateral estoppel. But in a way, this is a subspecies of double jeopardy, as the U.S. Supreme Court made clear in Ashby-Swenson. Collateral estoppel is recognized as being a part of double jeopardy. So this is what it says. Is issue preclusion used in the criminal world? It is, Your Honor, yes. Not frequently, typically, you just use the term collateral estoppel. Or in the Warren case by the Fourth District, actually they pointed out technically it's direct estoppel because it's the same case. But the doctrine is the same. And it is that doctrine that required the court below to bar the State from trying Mr. Jefferson a third time on the theory that he personally fired the gun that caused the death of Marcus Goza. Now, unable to answer this straightforward proposition, the State is seeking a reversal before you by reframing the issue as one in which the trial court misinterpreted this Court's Rule 23 order. But that is simply not the basis of the trial court's ruling. Well, the next paragraph of the order does reference the paragraph numbers of our order. True, it does. But that is to limit other kinds of evidence from other witnesses. It's not specific to this. And so there's nothing really in the record that says that the Rule 23 order is the basis of this part of the ruling. And even if it was, this Court may affirm its judgment on any basis supported by the record. And that record includes the prior jury's verdict, finding that Mr. Jefferson was not guilty of personally discharging that firearm that caused Mr. Goza's death. It is correct, as opposing counsel says, that there's only one offensive murder. But there's also only one fact of whether Mr. Jefferson discharged the firearm or not. And the jury has now ruled that he did not. And that is what cannot be relitigated. And that is the real issue decided by the trial court now before this Court. This Court's order required the trial court to allow the State to try Mr. Jefferson a third time for murder, but did not instruct the trial court to disregard the jury's verdict and allow the State to try him on the theory that he acted as the principal. It did not bar the trial court from following the Constitution and the law on direct or collateral estoppel based on that verdict. And for these reasons, you know, even though, yes, it does have the effect of suppressing evidence, but it's not actual suppression of evidence. There was no claim here. Well, if it's not, we don't have jurisdiction. I'm sorry, Your Honor? If it's not suppression of evidence, we don't have jurisdiction to even decide this appeal. The State just doesn't get any appeal they want. Well, and certainly I would be amenable to that proposition, Your Honor, obviously. Do you think this is an issue where evidence has been suppressed? That's the first question I ask. Well, it has the effect of suppressing evidence in that if you look at the text of the trial court's order, it does say, thou shalt not make reference to this. But it's not suppression of evidence in that there's no proposition here that the evidence was improperly obtained in violation of the Fourth Amendment or anything of that nature. Well, and that's, I mean, that's exactly what the rule says when they're talking about appeals by the State. It has to be from a certain thing. Four issues. Yes. One just before suppression of evidence is if there's been a motion to quash, arrest, or search warrant, or suppress this evidence. So my question is, are we suppressing evidence? Is this a proper appeal before the Supreme Court? Well, and I must confess I did not spot that issue, Your Honor, and you did. But I would say my best answer in being presented with it today is that, no, that it's not truly suppression of evidence for the very reason stated. It's not. There's no Fourth Amendment claim here. There's no Food of the Poisonous Treaty claim here. Well, 604A says that you can, when the State may appeal, it may appeal from an order of judgment, the substantive effect of which results in dismissing a charge, arresting judgment because of a defective indictment, quashing an arrest or search warrant, or suppressing evidence. Those are the only four times the State can file an appeal. So my concern is whether or not we even have jurisdiction here. And, Your Honor, without not having spotted and researched that issue, I cannot give you a definitive answer in all honesty. But I do know that this is not your typical category of suppressing evidence. It would have that impact, but it only has that impact not because the evidence was improperly obtained, but because of a jury verdict, because a fact has now been removed from the province of the court that may not be relitigated under well-settled principles of collateral estoppel. So given that, given that that's the real basis for the trial court's ruling, I would have to say that your concern is well-founded, that the court may not even have jurisdiction because this was not a suppression of evidence issue. It is a collateral estoppel issue. Either way, we come to the same result, whether there's no jurisdiction in the first instance or the court resumes jurisdiction and it looks at the substance of the issue. The fact is that it clearly has to be precluded based on Ashby, Swenson, and Peabody, Wharton by the 4th District and the other cases cited in our brief. It's clear as day. And the rest of the State's argument amounts to complaints, not legal argument. It does not directly address the substance that collateral estoppel applies here. So with that, unless there are any further questions. You know, the court, I think now we've kind of agreed while you were speaking, we have concerns about this issue of suppression of evidence. So I think what I'm going to do is, since I kind of surprised you both with it, I'm going to allow the State an opportunity to give me a submission on why this is properly before this court. How many days do you think you would need to do that? 21 or 30? Huh? 21 days. Shorter. Shorter? 14? 14 days? And I only want the issue of whether 604A1 applies, why there's jurisdiction in this court. And then, Mr. Whitney, can you reply in 14 days? Sure. Okay. That will be the order of the court. The 14 days will start tomorrow. Okay? Mr. Whitney, did you have any other comments? I didn't want to cut you off. Other than to commend the court for spotting an issue that I did not see. That was a brownie point. I can't see it. It was all mine. Thank you, Your Honor. I'm going to take all the credit for it. Okay. Response? Is it a collateral estoppel issue? Yes, Your Honor. Because that's my question. Yes, Your Honor. If the court will look at page 16 of the People's Original Brief, you'll see where we stated that the state is entitled to bring an interlocutory appeal for a pretrial evidentiary ruling that has the substantive effect of suppressing evidence. For purposes of Rule 604A, there's no substantive distinction between evidence that is excluded and evidence that is suppressed. So in this case, they have... Yes, but you did not address the issue of whether one finding of fact, which you don't even believe there is collateral estoppel that applies to, has the effect of suppressing the evidence. Because in your brief, you talk about, as you did here, there are other witnesses that could be called. I mean, your argument seems to center around the fact that somehow you can't even call other witnesses. That's not what the order is saying. This order is very limited when you look at the actual order. It's not broad enough that it says you can't talk about the gun generally. It says these people, the witnesses, two witnesses in the first paragraph, as Mr. Whitney was describing. And then Ms. Davis is in the second paragraph. Kiana Howard and Rishon Farmer. In the first, it was based on prior testimony of witnesses. Witnesses Kiana Howard and Rishon Farmer are hereby limited and precluded from offering any testimony alleging or suggesting the defendant in this case fired a gun causing the death of the alleged victim. If you've got somebody else that can talk about this, I think that's an argument that comes before the court. But the only time this judge said that this appellate court created a problem was in paragraph two as it pertained to Rochelle Davis. And then it lists the paragraph numbers. And there it doesn't even talk about the gun. It says any testimony suggesting or implying the defendant has a principle. Now, maybe you have an argument there. I don't know. But that's my concern is the state's brief talks about what you could do. You see what I'm saying? No? Yes, Your Honor. And I guess the state's response would be that the suppression is essentially prejudicing the state's ability to try the case and demonstrate the charge of murder where, okay, these two witnesses can't show or can't testify to this fact, but it was under a theory of double jeopardy. And I think that that's demonstrated from the record when you look at the hearing that they had on the motion filed, the omnibus motion. The omnibus motion. Yes. I think if the court looks at the record where they were discussing their different theories, defense counsel said it was precluded because of double jeopardy. And additionally, Your Honor, I think the court is right. Obviously, the trial court was relying on this court's previous opinion where they both cited two specific paragraphs of the opinion, but also defense counsel and the state both relied and commented on that opinion kind of ad nauseum during the hearing. So obviously the trial court was relying on this court's previous opinion and then also believed defense counsel when they claimed that this was a double jeopardy issue and the state obviously is believing that it is not. Does the court have? Well, I would only ask that when you both brief the issue that I'm concerned about, at least, and I think my colleagues are as well, that we really make it very narrow here as to why this is suppression, the order is suppression as opposed to just kind of like an eliminating type of thing. Okay. Yes, Your Honor. Would that be good? And we will have that. Do you have any other comments you want to make? Just that we would ask this court to reverse the ruling of the trial court and I'm back for further proceedings. Thank you very much. Thank you. Okay. We'll take this matter under advisement and we'll do a disposition in due course. That concludes the morning docket. It also concludes the oral docket for September 25th. This court is adjourned.